IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03538-PAB-KAS

STEPHANIE RETZOLFF, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

JACOBS ENTERTAINMENT, INC.,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Leave to File an Amended Complaint** [#45] (the "Motion"). Defendant filed a Response [#49] in opposition to the Motion [#45], and Plaintiff did not file a reply. The Motion [#45] has been referred to the undersigned. *Memorandum* [#46]. The Court has reviewed the briefing, the entire case file, and the applicable law. For the following reasons, the Motion [#45] is **GRANTED**.

### I.   Background

Plaintiff filed this putative class action on December 23, 2024, asserting claims of negligence, breach of implied contract, unjust enrichment, and declaratory judgment arising from a data breach Defendant experienced on or around September 23, 2024. *Compl.* [#1], ¶¶ 5, 169-230. On March 6, 2025, the Court held a Scheduling Conference, and the Court adopted the parties' proposed deadline for joinder of parties and amendment of pleadings: April 21, 2025. *Scheduling Order* [#28] at 8 § 9(a). On April 2, 2025, Defendant filed a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss. *Motion to Dismiss*

[#39]. On May 2, 2025, Plaintiff filed an Amended Complaint [#43]. On that same date, the Chief District Judge struck the Amended Complaint based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 15(a), which requires a party to seek leave to amend a complaint more than 21 days after the filing of a Rule 12(b) motion. *Order* [#44]. Plaintiff filed the current Motion on May 13, 2025. *Motion* [#45].

In her Motion, Plaintiff explains that following the Complaint's filing, her counsel continued to investigate the facts surrounding Defendant's data breach. *Id.* at 2. "On April 30, 2025, Plaintiff's counsel received information from their expert detailing Defendant's history of data leaks, the preventability of this Data Breach and the Private Information made available on the Dark Web as a result of the Data Breach." *Id.* at 6 (citing *Jessica A. Wilkes Decl.* [#45-2], ¶ 4). Plaintiff seeks to add allegations to her Complaint regarding Defendant's history of prior, preventable data breaches and that Plaintiff's private information was posted and sold on the dark web. *Id.* at 5. Plaintiff also states that the proposed Amended Class Action Complaint "adjusted errors throughout the document, including paragraphs 96, 227, 229." *Id.* at 5 n.2.

## II.   Legal Standards

A.   **Rule 15(a)**

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits." *Id.* This comports with the purpose of Rule 15 which is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449,

2

456 (10th Cir. 1982). Whether to grant or deny leave to amend a complaint is within a court's discretion. *Foman*, 371 U.S. at 182. Refusing leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**B.     Rule 16(b)(4)**

Where a litigant seeks leave to amend after the scheduling order deadline, she must demonstrate both good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4), and satisfaction of the Rule 15(a) standard. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)); *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989-90 (10th Cir. 2019) (citing *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015)). This standard applies here because Plaintiff's Motion [#45] was filed after the April 21, 2025 deadline in the Scheduling Order [#28] for amendment of pleadings. *Motion* [#45] (filed May 13, 2025).

Rule 16(b)'s good cause standard "does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 548 (D.N.M. 2011) (quoting *Pulsecard, Inc. v. Discover Card Servs.*, Inc., 168 F.R.D. 295, 301 (D. Kan. 1996)). Thus, the movant must show "the scheduling deadlines cannot be met despite

3

[the movant's] diligent efforts." *Gorsuch, Ltd.*, 771 F.3d at 1240 (quoting *Pumpco*, 204 F.R.D. at 668). To prove diligence, the movant must provide an adequate explanation for any delay. *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1205 n.4 (10th Cir. 1987). "Courts have denied leave to amend . . . where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.* at 1206 (10th Cir. 2006) (quoting *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

The good cause requirement may be satisfied if a plaintiff learns new information through discovery. *Gorsuch, Ltd.*, 771 F.3d at 1240; *see also Pumpco*, 204 F.R.D. at 668-669 ("The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."). However, if the movant could have discovered the relevant facts earlier or failed to perform the research necessary to recognize an applicable claim, that does not support a finding of good cause. *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018) (finding no abuse of discretion in magistrate judge's finding no good cause where "[the plaintiff] could have discovered [the relevant] information at the outset" of his case); *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying leave to amend where "the delay in seeking amendment is the result of [the movant's] failure earlier in the case to do the research necessary to recognize the applicability of the defense they seek to add").

Additionally, if a party discovers new factual allegations, good cause requires them to diligently and promptly move to amend. *See, e.g., Birch*, 812 F.3d at 1248-49 (finding

4

no abuse of discretion in the district court's finding no good cause under Rule 16 where the litigant offered no explanation for a four month delay after learning new information before moving to amend); *Bill.com, LLC v. Cox*, No. 2:23-cv-00026, 2024 WL 1578196, at *2 (D. Utah Mar. 7, 2024) (recommending leave to amend be denied where the litigant "[did] not address the nearly yearlong delay between her discovery of the facts supporting these claims and her motion to bring them"); *Estate of Medina v. Samuels*, No. 20-cv-01443-NYW, 2022 WL 194480, at *6 (D. Colo. Jan. 21, 2022) (finding no good cause under Rule 16(b)(4) where the plaintiff waited "at least two months, and as much as five months, after the discovery of this new information" before seeking leave to amend).

The Tenth Circuit has described Rule 16(b)(4) as "an arguably more stringent standard than the standards for amending a pleading under Rule 15." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). The district court has wide discretion in applying Rule 16(b). *Id.* at 1231-32.

### III.   Analysis

**A.   Failure to Follow Local Rules**

D.C.COLO.LCivR 15.1(b) requires that "[a] party who files an opposed motion for leave to amend . . . a pleading shall attach as an exhibit a copy of the proposed amended . . . pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added." With her Motion [#45], Plaintiff submitted only a clean copy of her Amended Complaint. *Proposed Am. Compl.* [#45-1]. Plaintiff also failed to rectify her oversight following Defendant's Response pointing out this error. *Response* [#49] at 5-6. Plaintiff is strongly admonished to follow Local Rules in the future.

5

**B.     Rule 16(b)**

The Court first examines good cause under Rule 16(b)(4), because "if [the movant] fail[s] to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether [the movant] [has] satisfied the requirements of Rule 15(a)." *Tesone*, 942 F.3d at 990 (quoting *Carriker v. City & County of Denver*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *2 (D. Colo. May 16, 2013)).

Plaintiff does not directly address good cause in her request to amend. Defendant argues that good cause does not exist. *Response* [#49] at 6-9. It explains that during a March 27, 2025 conferral, Defendant informed Plaintiff's counsel of several deficiencies in her original Complaint. These deficiencies included "Plaintiff's inaccurate references to [Defendant] as a 'healthcare provider,'[1] the incorrect spelling of Plaintiff's name in the caption, the inapplicability of her breach of implied contract claim, and her lack of standing based on the case law in this Circuit." *Response* [#49] at 6-7.

Defendant further explains that on April 1, 2025, the day before Defendant's motion to dismiss deadline, Plaintiff's counsel informed defense counsel that she intended to file an amended complaint the following day. *Response* [#49] at 7 (citing *Starr T. Drum Decl.* [#49-1], ¶ 5). The next day, Plaintiff's counsel informed defense counsel that she did not intend to do so. *Id.* (citing *Drum Decl.* [#49-1], ¶ 7). One month after Defendant filed its Motion to Dismiss, Plaintiff filed the Amended Complaint [#43] that the Court struck as untimely.

---

[1] In her Complaint, Plaintiff repeatedly discusses the unique risks of data breaches in health care companies like Defendant. *Complaint* [#1], ¶¶ 80-82, 84, 131, 200, 203. But Defendant is a "developer, owner, and operator of gaming and entertainment facilities throughout the United States." *Id.*, ¶ 2.

6

Defendant argues that Plaintiff's proposed Amended Complaint includes allegations that she knew or should have known at the time she filed her original pleading. *Response* [#49] at 7. For example, in her original Complaint, Plaintiff stated that her son worked for Defendant but her proposed Amended Complaint indicates that Plaintiff, not her son, worked for Defendant. *Compare Compl.* [#1], ¶ 92-93 ("Plaintiff's son worked for JEI between 2020 and 2024," and "In order to receive employment, Plaintiff's son provided Defendant with his Private Information and Plaintiff's Private Information[.]") *with Proposed Am. Compl.* [#45-1], ¶ 108-09 ("Plaintiff was employed with JEI from June 2020 and 2022," and "In order to receive employment, Plaintiff provided Defendant with her Private Information[.]"). Plaintiff presumably knew that she was Defendant's previous employee when she filed her original Complaint.

In her Proposed Amended Complaint, Plaintiff also removed her descriptions of the unique risks of data breaches in health care companies, *Compl.* [#1], ¶¶ 80-82, 84, 131, 200, 203, changing the context primarily to employer data breaches. *Proposed Am. Compl.* [#45-1], ¶¶ 96-99, 100, 157, 225-26, 229. Plaintiff knew Defendant was not in the healthcare business when she filed her initial Complaint, as evidenced by her description of Defendant as a "developer, owner, and operator of gaming and entertainment facilities." *Compl.* [#1], ¶ 2.

In the Proposed Amended Complaint, Plaintiff also includes allegations regarding three unauthorized charges in her Cash App account "[i]mmediately" after the underlying data breach. *Proposed Am. Compl.* [#45-1], ¶ 114. The data breach occurred on or around September 23, 2024. *Compl.* [#1]. Thus, Plaintiff knew or should have known of these

7

three unauthorized charges well before the deadline to amend her pleading. Yet, this allegation was not included in her original Complaint.[2]

Defendant argues that Plaintiff's Motion fails to identify these revisions or explain why they were "not knowable at the time she filed her initial complaint, much less why those amendments could not have been made by the [court-ordered] deadline[.]" *Response* [#49] at 8.

Giving Plaintiff an extreme benefit of the doubt, she arguably addresses Rule 16's good cause requirement by asserting she did not receive the bases of her new allegations until April 30, 2025, when she received additional information from her investigator. *Motion* [#45] at 4-6 (explaining that Plaintiff's counsel engaged a cyber security expert to search and determine whether Plaintiff's and/or the putative class members' private information was on the dark web because of the data breach and details about any previous data breaches suffered by Defendant). However, Plaintiff does not explain when she engaged the investigator or why she could not have uncovered the information prior to the deadline to amend pleadings. Nevertheless, Plaintiff seeks to amend her pleading primarily to add allegations related to this information. Further, Plaintiff was diligent in her attempts to amend her pleading upon receiving this information on April 30, 2025, and filing the current Motion on May 13, 2025.[3]

While Plaintiff's counsel's handling of the pleadings (and compliance with the Local Rules) thus far has been careless at best, the Court finds the amendment should be

---

[2] In her Proposed Amended Complaint, Plaintiff also provides new details regarding the number of suspicious phone calls and spam emails she now receives, but she does not specify the timing of these events. *Proposed Am. Compl.* [#45-1], ¶¶ 112, 115.

[3] The Court also notes Plaintiff's futile attempt to file the untimely Amended Complaint [#43] on May 2, 2025.

8

allowed. See *Pumpco, Inc.*, 204 F.R.D. at 668 (explaining that information obtained after the deadline to amend "constitutes good cause to justify an extension of that deadline"). While this is an exceedingly close call, the Court concludes Plaintiff should be permitted to seek amendment outside of the pleading deadline. The Court, however, warns Plaintiff's counsel that future carelessness is unlikely to yield similar results.

**C.    Rule 15**

   **1.    Undue Delay**

Regarding undue delay, "[l]ateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). In this Circuit, the undue delay analysis "focuses primarily on the reasons for the delay," and denial of leave is appropriate where a party has no adequate explanation for the delay. *Minter*, 451 F.3d at 1206 (collecting cases).

Defendant asserts that Plaintiff "unduly delayed her attempted amendments without justification." *Response* [#49] at 9. However, as established, Plaintiff states that she received the information from her investigator underlying most of her new allegations on April 30, 2025. *Motion* [#45] at 6. She filed the current Motion on May 13, 2025. Given Rule 15(a)(2)'s liberal standard and Plaintiff's explanation for the timing of her amendment request, the Court finds there was not undue delay here.

   **2.    Futility and Undue Prejudice**

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,

9

861 F.3d 1081, 1104-05 (10th Cir. 2017).

Defendant offers a two-paragraph argument that Plaintiff's amendments do not resolve the deficiencies identified in its pending Motion to Dismiss [#39], and therefore, the amendments are futile. *Response* [#49] at 10. Specifically, Defendant argues that Plaintiff has not sufficiently alleged a link between her private information on the dark web and her alleged injuries with the underlying data breach. *Id.*

Due to the stay issued in this case, *Minute Order* [#50], Defendant's Motion to Dismiss is not fully briefed. Plaintiff has not filed a response, and Defendant has therefore not had the opportunity to file a reply in support of its Motion. Defendant contends that it will suffer undue prejudice if amendment is allowed because it will have to expend more time to seek dismissal of a meritless complaint. *Response* [#49] at 11. Considering Defendant's argument that the Proposed Amended Complaint does not resolve the arguments in its initial Motion to Dismiss, this argument is not compelling.

Courts in this District often prefer to address futility of amendment on merits briefing rather than briefing on leave to amend. *Fox Factory, Inc. v. SRAM, LLC*, No. 23-cv-00313-RM-KAS, 2024 WL 5055566, at *7 (D. Colo. Sept. 24, 2024). This is especially true here where the Motion to Dismiss is not fully briefed. Thus, the Court finds the parties' futility arguments are better addressed in the context of a fully briefed motion to dismiss "without placing a thumb on the scale at the amendment stage." *Id.* (citing *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.")). Accordingly,

10

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is to accept for filing and separately docket Plaintiff's Amended Complaint [#45–1] as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint within the timeframe set forth in Fed. R. Civ. P. 15(a)(3).

Dated: January 4, 2026          BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge